UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEXIA ALJOE,

*Plaintiff*,

– against –

ADVANTAGECARE PHYSICIANS, P.C.,

*Defendant*.

**MEMORANDUM & ORDER**
26-cv-05009 (NCM) (VMS)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Alexia Aljoe, proceeding *pro se*, moves to remand this case to New York state court pursuant to 28 U.S.C. § 1447 on the ground that this Court lacks subject matter jurisdiction. She argues that her Complaint does not raise federal claims, the sole basis on which the defendant, AdvantageCare Physicians, P.C. ("AdvantageCare"), asserts that this Court has jurisdiction. For the reasons stated below, the Court finds that it lacks subject matter jurisdiction. Plaintiff's motion to remand is accordingly **GRANTED**.

## BACKGROUND

On July 22, 2026, plaintiff filed this suit in Queens County Supreme Court. *See* Compl., ECF No. 1-1. The suit alleges violations of various employment and antidiscrimination laws by her former employer, AdvantageCare. *See* Compl. Specifically, plaintiff alleged violations of New York Labor Law §§ 740, 741, and 215, the New York State Human Rights Law ("NYSHRL"), Exec. Law § 296, and the New York City Human

Rights Law ("NYCHRL"), Admin. Code § 8–107. *See* Compl. 1.[1] The Complaint also referred to violations of "federal employment laws" and a directive from a superior that plaintiff believed violated the patient privacy provisions of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d–6. *See* Compl. 1, 3.

On August 17, 2026, defendant removed the case to the United States District Court for the Eastern District of New York, arguing that this Court had federal question jurisdiction over plaintiff's Compaint under 28 U.S.C. § 1331. *See* Notice of Removal, ECF No. 1. Defendant's Notice of Removal asserted that Section 1331 applied to plaintiff's Complaint because the Complaint referenced violations of federal employment laws in addition to state and local ones. *See* Notice of Removal, ECF No. 1 (citing Compl. 1).

On August 21, 2026, plaintiff timely moved to remand the case back to state court, arguing that this Court lacks subject matter jurisdiction over her claims. *See* Mot. to Remand, ECF No. 5; 28 U.S.C. § 1447(c) (providing 30 days following a Notice of Removal for plaintiff to seek remand). Specifically, plaintiff argued that her Complaint raised violations under state and local laws only and "does not assert a standalone federal cause of action." Pl.'s Affirmation in Support of Motion to Remand ("First Aff.") 2, ECF No. 5-1. She further argued that with respect to her references to federal laws, "the mere presence of a federal issue in a lawsuit is, by itself, insufficient to confer jurisdiction." First Aff. 2.

Defendant opposed the motion, again arguing that plaintiff's invocation of federal employment laws and HIPAA justified removal to this Court. *See* Mem. in Opposition ("Opp'n") 3–4, ECF No. 6.

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Plaintiff replied, in turn reiterating her argument that removal was improper because she filed a timely motion for remand and her Complaint did not assert any "standalone federal cause of action." Pl.'s Second Affirmation in Support of Motion to Remand ("Second Aff.") 2, ECF No. 7.[2]

**LEGAL STANDARD**

## I. Removability and Federal Question Jurisdiction

"Under 28 U.S.C. § 1441, a state-court defendant may remove a civil action to federal court if the action could have been filed in federal court in the first place." *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 60 (2d Cir. 2023).[3] "When, as here, there is no 'diversity of citizenship, federal-question jurisdiction is required.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).[4] Section 1331 provides district courts with federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally, a case arises under federal law because the complaint "establishes . . . that federal law creates the cause of action" at issue in the case. *Doe 1 v. Starpoint Cent. Sch. Dist.*, No. 23-cv-00207, 2023 WL 2859134, at *3 (W.D.N.Y. Apr. 10, 2023) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S.

---

[2] Plaintiff appears to be under the misapprehension that this Court denied her motion to remand on August 26, 2026. *See* Second Aff. ¶¶ 12, 19. To the contrary, the only item filed on the docket that day was defendant's opposition to plaintiff's motion. Accordingly, this Memorandum & Order is the first order from the Court addressing plaintiff's motion.

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[4] The Court notes that defendant has not argued any other basis for subject matter jurisdiction, and there is no basis for diversity jurisdiction apparent on the record. *See generally* Compl., Notice of Removal, Opp'n.

*Cal.*, 463 U.S. 1, 27–28 (1983)). However, under certain circumstances, "a complaint that does not allege a federal cause of action may nonetheless 'arise under' federal law for purposes of subject matter jurisdiction." *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014). One such circumstance – and the only apparently potentially applicable here[5] – is where "the vindication of rights under state law necessarily turn[s] on some construction of federal law." *Id.* (quoting *Merrell Dow Pharma. Inc. v. Thompson*, 478 U.S. 804, 808–10 (1986)).

Nevertheless, the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction" under Section 1331. *Merrell Dow Pharms. Inc.*, 478 U.S. at 813; *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) (finding that a state law claim that involves a question of federal law sufficiently substantial to confer jurisdiction is "extremely rare").

Instead, for a federal issue embedded in a state law claim to give rise to federal question jurisdiction, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Belmont v. JetBlue Airways Corp.*, 401 F. Supp. 3d 348, 358 (E.D.N.Y. 2019) (quoting *Gunn*, 568 U.S. at 258). "Where all four of these requirements are met, . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and

---

[5] The other two circumstances are "first, if Congress expressly provides, by statute, for removal of [the relevant] state law claims . . . [and] second, if the state law claims are completely preempted by federal law." *Fracasse*, 747 F.3d at 144. Neither is implicated in this case.

federal courts." *Gunn*, 568 U.S. at 258. Where they are not, jurisdiction is lacking, and remand is warranted. *Id.*

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991), *superseded by rule on other grounds as recognized by Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008)). The "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011).

### II. Pro Se Pleading

Courts are required to give special consideration to litigants who represent themselves in court. A pro se litigant's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

## DISCUSSION

Plaintiff's Complaint does not raise a federal cause of action. Nor does it raise a substantial issue of federal law. Accordingly, federal question jurisdiction is lacking here.

*First*, plaintiff's references to alleged violations of federal employment law analogous to her state law claims in her Complaint do not mean she has inadvertently raised federal claims. The "well-pleaded complaint" rule instructs "courts [to] examine

'what necessarily appears in the plaintiff's statement of [her] own claim'" when determining whether a complaint raises a federal question. *Arditi v. Lighthouse Int'l*, 676 F.3d 294, 298 (2d Cir. 2012), *as amended* (Mar. 9, 2012) (quoting *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004)). Under that rule, "plaintiff is the master of [her] complaint and is free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010). Accordingly, "it would be erroneous to assume that the existence of a federal private cause of action that a particular plaintiff is entitled to assert automatically confers federal jurisdiction for removal purposes when the plaintiff chooses not to invoke that right." *Sung ex rel. Lazard Ltd. v. Wasserstein*, 415 F. Supp. 2d 393, 398 (S.D.N.Y. 2006).

In this case, the Complaint does not explicitly indicate that plaintiff has pled federal claims, *see* Compl.; rather the Complaint references federal employement law to support her allegations under state and local law. Further, the plaintiff has clearly and repeatedly stated that her Complaint does not assert any "standalone federal cause of action," First Aff. 2; Second Aff. 2. Accordingly, there is no federal claim at issue here.

*Second*, to the extent the state claims raised in the Complaint invoke federal law, the federal issues invoked are not substantial enough to provide federal question jurisdiction under *Gunn*. As noted above, the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction" under Section 1331. *Merrell Dow Pharms. Inc.*, 478 U.S. at 813. The Complaint must raise a state law claim that is "affirmatively 'premised' on a violation of federal law." *N.Y. ex rel. Jacobson v. Wells Fargo Nat'l Bank. N.A.*, 824 F.3d 308, 315–16 (2d Cir. 2016).

Plaintiff's Complaint raises a claim under New York Labor Law § 740 that appears to rely at least in part on the referenced federal violations. Compl. 5. Section 740

prohibits, among other things, retaliation against an employee who objects to or refuses to participate in an activity that the employee "reasonably believes" violates "any duly enacted federal . . . statute." N.Y. Labor L. § 740(2)(a). Plaintiff alleges that "despite her good faith reports," about, among other things, a policy she believed violated HIPAA, "[her] concerns were dismissed, and [she] was instead subjected to increasing hostility and unreasonable demands," ultimately culminating in her termination. Compl. 3. Accordingly, her New York Labor Law § 740 appears to be premised at least in part on alleged violations of HIPAA, if not federal employment law as well.

Defendant argues that "to the extent that" that claim relies specifically on the Complaint's references to violations of federal law – namely, federal employment laws and patient privacy rights under HIPAA – "removal to this Court was proper." Opp'n 3 (citing Compl. 1, 3).

However, even assuming for the sake of argument that (1) plaintiff's Section 740 claim *necessarily* relies on those violations and (2) the parties dispute whether the conduct alleged amounts to violations under those federal laws, the defendants' argument still "founders on [the] next requirement, [because] the federal issue in this case is not substantial in the relevant sense." *Gunn*, 568 U.S. at 260. For a federal issue raised in a state law claim to be substantial, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will *always* be true when the state claim necessarily raises a disputed federal issue." *Id.* (emphasis in original). Instead, "[t]he substantiality inquiry . . . looks [ ] to the importance of the issue to the federal system as a whole." *Id.*

For example, in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manuafacturing*, the court concluded that the federal issue raised – which addressed the

requirements for notice in a quiet title action under a specific federal statute – was sufficiently substantial because "its resolution was both dispositive of the case and would be controlling in numerous other cases.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)). In contrast, where "the determination at issue . . . is a fact-specific application of the regulations to [a party] that does not implicate the validity of the regulations themselves, or have any other broader effect on federal interests," the Second Circuit has found that determination insufficiently "substantial" to support federal question jurisdiction. *Congregation Machna Shalva Zichron Zvi Dovid v. U.S. Dep't of Agric.*, 557 F. App'x 87, 90 (2d Cir. 2014).

That distinction is essential to ensure that "this 'extremely rare exception' to the well-pleaded complaint rule" does not "swallow the rule." *Simmons v. Trs. of Columbia Univ. in City of New York*, No. 25-cv-07925, 2025 WL 3551604, at *6 (S.D.N.Y. Dec. 11, 2025) (quoting *Fracasse*, 747 F.3d at 144). Accordingly, "it is to be expected that, after . . . careful, case-specific consideration, most federal law questions raised in connection with state law claims will not be deemed substantial." *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1029 (2d Cir. 2014).

Applying that standard to a Section 740 claim specifically, the district court in *Simmons* concluded that it lacked federal question jurisdiction – even though the plaintiff's claim was premised on a her complaints about the university's failure to comply with a specific federal regulation – because of the fact-specific nature of the claim. No. 25-cv-07925, 2025 WL 3551604, at *6 (S.D.N.Y. Dec. 11, 2025). As the court explained, the federal legal issue relied on an application of the regulation to the parties themselves, including assessing their contractual obligations, without any broader effect on federal

interests. *Id.* Further, the "threshold interpretive question" of federal regulation "d[id] not fully resolve [the plaintiff's] claims." *Id.* at *7. Thus, her case presented an "inherently fact-intensive issue" that did not raise a "substantial" question of federal law under *Gunn*. *Id.*

This case is hardly different. To support its jurisdictional argument, defendant has suggested nothing more than the potential need to apply HIPAA or federal employment law to the facts at issue. *See* Opp'n 3. It has not suggested that plaintiff's Section 740 claim "implicate[s] the validity of" those federal laws or "ha[s] any other broader effect on federal interests." *Congregation Machna Shalva Zichron Zvi Dovid*, 557 F. App'x at 90. It also has not asserted that the interpretation of those laws would substantially resolve plaintiff's Section 740 claim. *See* Opp'n. And indeed, defendant could not so argue, because Section 740 does not turn on whether an actual violation of federal law occurred: instead, it asks the court to consider whether an employee "reasonably believe[d]" that her employer had committed a violation. *See* N.Y. Labor L. § 740(2)(a). That statutory language strongly suggests that the court's resolution of any federal issues would be fact-bound here.

Accordingly, defendant has failed to demonstrate that this case involves the type of "nearly pure issue of [federal] law that could be settled once and for all and thereafter would govern numerous other cases," as required to qualify as "substantial" under the standard described above. *See Doe 1*, 2023 WL 2859134, at *5. Thus, the Court concludes that, like the Section 740 claim in *Simmons*, plaintiff's Section 740 claim here presents an "inherently fact-intensive issue" insufficient to raise a "substantial" issue of federal law. 2025 WL 3551604, at *7. The Complaint's references to violations of federal

employment law and HIPAA in connection with plaintiff's state law claims cannot sustain this Court's jurisdiction here either.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is granted.

**SO ORDERED.**

*/s/Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: September 24, 2026
Brooklyn, New York